1  Diane Aqui, SBN 217087
   daqui@smithdollar.com
2  SMITH DOLLAR PC
   Attorneys at Law
3  418 B Street, Fourth Floor
   Santa Rosa, California 95401
4  Telephone: (707) 522-1100
   Facsimile: (707) 522-1101
5
   Attorney for Defendant
6  CAPPO MANAGEMENT XL, LLC

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| MARY PACKER, an individual,<br><br>             Plaintiff,<br>v.<br><br>CAPPO MANAGEMENT XL, LLC and DOES 1-10 inclusive<br><br>             Defendant. | CASE NO.:<br><br>[Removal from San Francisco County Superior Court Case No. CGC-20-587105]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>[Diversity]<br><br>*[Filed Concurrently with Civil Cover Sheet; Certificate of Interested Entities and Persons; Notice of Related Cases; Compendium of Evidence, including Declarations of Diane Aqui and Declaration of Katie Digsby]*<br><br>Complaint Filed: September 30, 2020 |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant CAPPO MANAGEMENT XL, LLC ("Cappo") hereby removes the action filed by Plaintiff MARY PACKER ("Plaintiff") in the Superior Court of the State of California for the County of San Francisco, Case No. CGC-20-587105, to the United States District Court for the Northern District of California.



## INTRODUCTION

This is a removal that is both proper and timely, filed by Cappo within 30 days of receiving Plaintiff Mary Packer's Responses to Special Interrogatories, which confirms this case is now removable. There is diversity jurisdiction, and this action is properly in federal court.

## JURISDICTION AND VENUE

1. Cappo asserts that removal is proper under 28 U.S.C. § 1441 in that it is a civil action between citizens of different States and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court is in the judicial district embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a); 1446(a).

## PROCEDURAL BACKGROUND AND PLAINTIFF'S DEPOSITION

3. On September 30, 2020, Plaintiff MARY PACKER filed an action against Cappo in the Superior Court for the State of California, County of San Francisco, as Case No. CGC-20-587105, *Packer v. Cappo Management XL, LLC* ( the " State Court Action"). *See* Compendium of Evidence ("COE") Exhibit A (the "complaint").

4. The Complaint alleges claims for (1) Monetary Damages, (2) Declaratory Relief, (3) Injunctive Relief for Wrongful Termination and Discrimination.

5. On February 15, 2021, Plaintiff served the Complaint to Defendant via Notice of Acknowledgement and Receipt.

6. The Complaint did not indicate the amount of damages claimed by Plaintiff.

## THE INSTANT REMOVAL IS TIMELY

"[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (emphasis added).

11. In the Ninth Circuit, responses to interrogatories constitute "other paper" and can trigger the 30-day removal period. See *Garon v. Fair Isaac Corp.* 2019 U.S. Dist. LEXIS 109952 at



4, "In the Ninth Circuit, discovery responses . . . can [constitute 'other paper' that] trigger[s] the thirty day removal period in certain actions, mainly diversity cases and federally preempted claims." *Williams v. Hilarides*, 2012 U.S. Dist. LEXIS 85026, 2012 WL 2339335, at *2 (E.D. Cal. June 19, 2012) (citing cases). For example, "[w]here it is not clear on the face of a state complaint that diversity jurisdiction exists, subsequent discovery responses can affirmatively reveal the existence of such jurisdiction by . . . disclosing that the amount in controversy is sufficient."

12. Here, this case did not become removable until September 17, 2021, when Plaintiff served her responses to Special Interrogatories setting forth the amount of her damages as $195,462.85. Put simply, the new information gleaned from Plaintiff's September 17, 2021 discovery responses constitutes the "other paper" that makes a successive removal in this case proper, so long as it is filed within 30 days, i.e., on or before October 17, 2021. Thus, this Notice of Removal is timely.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

The parties are completely diverse in this matter because Plaintiff is a citizen of California and Cappo is a citizen of Tennessee for purposes of removal.

14. **Plaintiff's Citizenship**. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15. As set forth in the Complaint, Plaintiff is an "individual residing in the County of San Francisco, State of California." (Complaint at ¶ 1.) As such, Plaintiff is domiciled in, and for purposes of diversity jurisdiction is a citizen of, the State of California (and, more specifically, San Francisco County).

16. **Corporate Citizenship**. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

17. A limited liability corporation's principal place of business is determined under the



"nerve center" test . See *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under this test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities." Id. A limited liability corporation's nerve center is a "single place" and "should normally be the place where the limited liability corporation maintains its headquarters." Id. at 93. Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meets, and where day-to-day control over the company is executed. See, e.g., *Tomblin v. XLNT Veterinary Care, Inc.*, 2010 WL 2757311, at *4 (S.D. Cal. 2010).

18. Cappo is now, and was at the time this Action was commenced, a citizen of the State of Tennessee within the meaning of 28 U.S.C. § 1332. More specifically, Cappo is, and has been at all times since October 28, 2015, a Tennessee limited liability corporation, incorporated in the State of Tennessee, and Cappo's corporate headquarters are located in Tennessee. COE Exhibit C (Declaration of Diane Aqui) ("Aqui Decl.") ¶ 4; see also Compl. ¶ 5. Accordingly, Cappo is a citizen of the State of Tennessee, and not a citizen of the State of California.

## AMOUNT IN CONTROVERSY

19.   On July 28, 2021, Defendant served Plaintiff with Special Interrogatories, including Special Interrogatories Nos.1, 2, and 3, requesting the total amount of claimed damages.

20.   On September 17, 2021, Plaintiff served her responses, and under penalty of perjury stated her compensatory damages were "$195,462.85" Accordingly, the amount in controversy is in excess of $75,000, exclusive of interest and costs.

## NOTICE

As required by 28 U.S.C. § 1446(d), Cappo is providing written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of San Francisco.

///

///

///

WHEREFORE, Cappo hereby removes from San Francisco County Superior Court Case No. CGC-20-587105 to the United States District Court for the Northern District of California.

Dated: October 5, 2021

                          SMITH DOLLAR PC

                          /s/ Diane Aqui

By_____
    Diane Aqui
    Attorney for CAPPO MANAGEMENT XL, LLC

