Exhibit A

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| MARY PACKER | **Case Management Department 610** |
| | **Case Management Order** |
| PLAINTIFF (S) | |
| | |
| VS. | **NO.: CGC-20-587105** |
| | |
| CAPPO MANAGEMENT XL, LLC et al | |
| | **Order Setting Case Management** |
| | **Conference** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND SELF-REPRESENTED LITIGANTS

The Sep-28-2021 ORDER TO SHOW CAUSE is canceled, and it is hereby ordered:

This case is set for a case management conference on Nov-03-2021 in Department 610 at 10:30 am for the submission of case management statements.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than fifteen (15) days before the case management conference.  However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed and served twenty-five (25) days before the case management conference.

PLAINTIFF(S) must serve a copy of this notice on all parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  SEP-16-2021                    SAMUEL K. FENG
                                       JUDGE OF THE SUPERIOR COURT

Order Setting Case Management Conference
Form 000001

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on SEP-16-2021 I served the attached Order Setting Case Management Conference by placing a copy thereof in an envelope addressed to all parties to this action as listed below.  I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.

Dated :  SEP-16-2021                          By: JEFFREY LEE

DIANE AQUI (217087)
SMITH DOLLAR PC ATTORNEYS AT LAW
418 B STREET
FOURTH FLOOR
SANTA ROSA, CA  95401

LINDSEY PACE (314956)
OPEN DOOR LEGAL - EXCELSIOR
60 OCEAN AVENUE
SAN FRANCISCO, CA  94112

DIANE AQUI (217087)
SMITH DOLLAR PC ATTORNEYS AT LAW
418 B STREET
FOURTH FLOOR
SANTA ROSA, CA  95401

CERTIFICATE OF SERVICE BY MAIL
Form 000001

1    Diane Aqui, SBN 217087
     daqui@smithdollar.com
2    SMITH DOLLAR PC
     Attorneys at Law
3    418 B Street, Fourth Floor
     Santa Rosa, California 95401
4    Telephone:  (707) 522-1100
     Facsimile:  (707) 522-1101
5
     Attorney for Defendant
6    CAPPO MANAGEMENT XL, LLC

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**07/28/2021**
**Clerk of the Court**
BY: EDWARD SANTOS
Deputy Clerk

7

8                  SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

9

10   MARY PACKER, an individual,                    CASE NO.:  CGC-20-587105

11           Plaintiff,                             CAPPO MANAGEMENT XL, LLC'S
     v.                                             ANSWER TO COMPLAINT
12   CAPPO MANAGEMENT XL, LLC and DOES              Complaint Filed:  September 30, 2020
     1-10 inclusive                                 Trial Date:        N/A
13
             Defendant.
14

15

16                                    **GENERAL DENIAL**

17          Pursuant to Section 431.30 of the Code of Civil Procedure, Defendant CAPPO

18   MANAGEMENT XL, LLC ("Defendant") generally and specifically deny each and every allegation of

19   Plaintiff  MARY PACKER's ("Plaintiff") unverified Complaint ("Complaint") and further denies that

20   Plaintiff has been damaged in the amounts alleged, or in any amount at all, by reason of any act or

21   omission on the part of any Defendant, or that Plaintiff is entitled to recover any relief of any kind

22   whatsoever against any Defendant.

23                          **SEPARATE AND ADDITIONAL DEFENSES**

24          In further answer to Plaintiff's complaint, Defendant asserts the following additional defenses.

25   Defendant does not assume the burden of proof as to matters that, pursuant to law, is Plaintiff burden to

26   prove.

27   ///

28

**FIRST DEFENSE**

**(Failure to State a Cause of Action)**

Plaintiff's complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND DEFENSE**

**(Not an Employer or Joint Employer)**

Plaintiff's claims are barred as to Defendant on the grounds that Defendant was not Plaintiff's employer or joint employer.

**THIRD DEFENSE**

**(Statute of Limitations)**

Plaintiffs' claims are barred by the applicable statutes of limitations including, but not limited to, Code of Civil Procedure sections 335.1, 338, 339,340,343, and Government Code sections 12960 and 12965.

**FOURTH DEFENSE**

**(Consent)**

Plaintiff acknowledged, ratified, consented to, and/or acquiesced in the alleged acts or omissions, if any, of these Defendant, thus, barring Plaintiff's recovery.

**FIFTH DEFENSE**

**(Failure to Mitigate)**

Plaintiff failed to take reasonable efforts to mitigate her alleged damages, if any, and recovery should not be allowed for damages, if any, that Plaintiff should have foreseen and could have avoided by reasonable effort.

**SIXTH DEFENSE**

**(Failure to Exhaust- Beyond Scope)**

This court lacks jurisdiction over the causes of action in Plaintiff's complaint, in whole or in part, to the extent any cause of action is based on facts, events or allegations that are beyond the scope of any complaint or charge filed by Plaintiff with the Department of Fair Employment and Housing,



and/or the Equal Employment Opportunity Commission.

## SEVENTH DEFENSE

### (Avoidable Consequences Doctrine)

Defendant took reasonable steps to prevent and correct alleged workplace harassment, if any; Plaintiff unreasonably failed to use the preventative and corrective measures that Defendant provided; and reasonable use of Defendant's procedures would have prevented at least some of the alleged harm, if any, that Plaintiff allegedly suffered.

## EIGHTH DEFENSE

### (Contributory/Comparative Negligence)

Plaintiff failed to exercise reasonable care and ordinary care, caution or prudence and the alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own negligence and/or intentional conduct and therefore, any recovery to which Plaintiff might otherwise be entitled must be reduced by reason of Plaintiff's contributory or comparative negligence and/or intentional conduct.

## NINTH DEFENSE

### (Legitimate Business Purpose)

Defendant's activities with respect to Plaintiff were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities and/or undertaken for business-related reasons and were neither discriminatory, arbitrary, capricious, nor unlawful.

## TENTH DEFENSE

### (Same Decision)

Plaintiff's recovery is barred, in whole or in part, because even if it is found that Defendant's conduct was substantially motivated by an unlawful reason or protected characteristic, which is denied by Defendant, Defendant would have made the same decision(s) for legitimate, non-discriminatory reasons absent any unlawful motive.

## ELEVENTH DEFENSE

### (Good Faith)



1   Any and all conduct of which Plaintiff complains was a just and proper exercise of management

2   discretion undertaken for fair and honest reasons, regulated by good faith under the conditions then

3   existing and were based on reasonable factors other than age.

## TWELFTH DEFENSE

### (Plaintiff's Breach)

6   Plaintiff willfully breached duties owed to Defendant, failed to use reasonable care or ordinary

7   diligence in the performance of those duties, failed to use reasonable skill in performing work, failed to

8   comply substantially with all directions provided by Defendant, and failed to perform in conformity

9   with the customs of the workplace pursuant to California Labor Code sections 2854, 2856, 2857, and

10   2924.

## THIRTEENTH DEFENSE

### (Estoppel)

13   Plaintiff's claims are barred by the defense of estoppel.

## FOURTEENTH DEFENSE

### (Waiver)

16   Plaintiff's claims are barred by the defense of waiver.

## FIFTEENTH DEFENSE

### (Unclean Hands)

19   Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTEENTH DEFENSE

### (Laches)

22   Plaintiff's claims are barred by the doctrine of laches.

## SEVENTEENTH DEFENSE

### (Barred By Workers' Compensation)

25   Plaintiff is barred from seeking any damages for purported physical, mental or emotional

26   injuries allegedly suffered as a result of Plaintiff's employment in that the sole and exclusive remedy in

27   this respect is and was governed by the California Workers' Compensation Act, Labor Code §§3200-

28

4627.

## EIGHTEENTH DEFENSE

### (After Acquired Evidence)

The after acquired evidence doctrine bars Plaintiff's claims and/or limits Plaintiff's damages, if any.

## NINETEENTH DEFENSE

### (Conduct of Others)

Plaintiff's losses or damages, if any, were caused solely by the negligent, reckless or intentional conduct of persons or entities other than Defendant, for whom Defendant cannot be held vicariously liable or legally responsible, and whose conduct was not known to, or ratified by Defendant. Accordingly, Plaintiff's losses or damages, if any, are barred or diminished to the extent they are attributable to such conduct.

## TWENTIETH DEFENSE

### (No Attorney's Fees)

Plaintiff's Complaint and each alleged cause of action therein, fails to state facts sufficient to support an award of attorney's fees and costs against Defendant.

## TWENTY-FIRST DEFENSE

### (Reservation of Defenses)

Defendant may have other separate and/or additional defenses of which it is not aware and hereby reserve the right to assert such defenses by amendment of this answer.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

A.  Plaintiff take nothing by reason of the Complaint or any claims stated therein;

B.  The Court dismiss the Complaint with prejudice in its entirety;

C.  That judgment be entered against Plaintiff and in favor of Defendants;

D.  Defendant recover his costs of suit and attorneys' fees to the extent permitted by applicable law and to the extent the Court deems appropriate; and



1153745

CAPPO MANAGEMENT XL, LLC'S ANSWER TO COMPLAINT

E.  The Court award such other and further relief as it may deem just and proper.

Dated:

SMITH DOLLAR PC

By _____
Diane Aqui
Attorney for CAPPO MANAGEMENT XL, LLC



CAPPO MANAGEMENT XL, LLC'S ANSWER TO COMPLAINT

1

## PROOF OF SERVICE

2       I am employed in the County of Sonoma, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 418 B Street, Fourth Floor, Santa Rosa,

3   CA 95401.  On July 28, 2021, I served the CAPPO MANAGEMENT XL, LLC'S ANSWER TO COMPLAINT on the parties to this action by serving:

4

5   Lindsey Taylor Pace                          Plaintiff Mary Packer
    Marianne Armenta                          Telephone:

6   Open Door Legal                            Facsimile:
    60 Ocean Ave,                            Email: Marianne@OpenDoorLegal.org

7   San Francisco, CA 94112-2627

8   **/X/ BY EMAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be

9   sent to the persons at the e-mail addresses listed above. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

10

11  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12

13  Dated: July 28, 2021

14  Stephanie D. Abbott

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1  MARIANNE C. ARMENTA SBN 293092
2  Open Door Legal
   60 Ocean Avenue
3  San Francisco, CA 94112
   Telephone: (415) 610-7849
4  Facsmile: (415) 534-3469
5  marianne@opendoorlegal.org
6  Attorney for Plaintiff MARY PACKER

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                 CITY AND COUNTY OF SAN FRANCISCO
                         UNLIMITED JURISDICTION
9

10  MARY PACKER, an individual,              Case No. CGC-20-587105
11
                       Plaintiff,            **RESPONSE TO ORDER TO SHOW**
12                                           **CAUSE**
13         vs.
14
    CAPPO MANAGEMENT XL, LLC,
15  and DOES 1-10 inclusive,
16
                       Defendants.
17

18  ─────────────────────────────
19       In response to the Order to Show Cause dated May 27, 2021, PLAINTIFF
20  MARY PACKER filed a Request for Default on June 27, 2021 and served it on
21  Defendant. While it was pending clerk review, counsel for Defendant, Diane Aqui,
22  contacted the undersigned and agreed to appear in the case and file a responsive
23  pleading. Counsel agreed to stipulate to setting aside the default, and to an extension
24  until July 30, 2021 for Defendant to file a responsive pleading.

25  Dated: 07/15/2021                    /s/ Marianne Armenta
26
27                                       Marianne Armenta
                                         Attorney for Plaintiff
28                                       OPEN DOOR LEGAL | EXCELSIOR

                       PLAINTIFF'S RESPONSE TO OSC

                               - 1 -

**POS-030**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Marianne Armenta 314956<br>Open Door Legal<br>60 Ocean Avenue<br>San Francisco CA 94112<br><br>TELEPHONE NO.: (415) 289-5069          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* marianne@opendoorlegal.org<br>ATTORNEY FOR *(Name):* Mary Packer | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

PETITIONER/PLAINTIFF: MARY PACKER
RESPONDENT/DEFENDANT: CAPPO MANAGEMENT XL, LLC

| | |
|---|---|
| **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** | CASE NUMBER:<br>CGC-20-587105 |

### *(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   60 Ocean Avenue, San Francisco, CA 94112

3. On *(date):* 07/15/2021          I mailed from *(city and state):* San Francisco, CA
   the following **documents** *(specify):*
   RESPONSE TO ORDER TO SHOW CAUSE

   [ ]  The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)*
        (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. [ ]  **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. [✓]  **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Katie Digsby
   b. **Address** of person served:
      Victory Automotive Group
      46352 Michigan Avenue
      Canton, MI 48188

   [ ]  The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 07/15/2021

Brenda Falcon
_____          ▶          _____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                    (SIGNATURE OF PERSON COMPLETING THIS FORM)

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>*www.courtinfo.ca.gov* |

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: **314956** | FOR COURT USE ONLY |
|---|---|---|
| NAME: **Marianne Armenta** | | |

FIRM NAME: **Open Door Legal**
STREET ADDRESS: **60 Ocean Avenue**
CITY: **San Francisco**         STATE: **CA**   ZIP CODE: **94112**
TELEPHONE NO.: **(415) 289-5069**    FAX NO.:
E-MAIL ADDRESS: **marianne@opendoorlegal.org**
ATTORNEY FOR (name): **Mary Packer**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
  STREET ADDRESS: **400 McAllister St.**
  MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
  BRANCH NAME: Civic Center Courthouse

  Plaintiff/Petitioner: **MARY PACKER**
Defendant/Respondent: **CAPPO MANAGEMENT XL, LLC**

| **REQUEST FOR** (Application) | ☑ **Entry of Default**  ☐ **Clerk's Judgment** ☐ **Court Judgment** | CASE NUMBER: **CGC-20-587105** |
|---|---|---|

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* 09/30/2020
   b. by *(name):* Mary Packer
   c. ☑ Enter default of defendant *(names):*
      **CAPPO MANAGEMENT XL, LLC**

   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant
      *(names):*

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under
      Code Civ. Proc., § 585(d).)*
   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section
              1174(c) does not apply. (Code Civ. Proc., § 1169.)
          ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The
              *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section
              415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the
              reverse (item 5).)*
      (3) ☐ for default previously entered on *(date):*
2. **Judgment to be entered.**                    Amount          Credits acknowledged          Balance
   a. Demand of complaint . . . . . . . . . . . . $            $                            $
   b. Statement of damages*
      (1) Special . . . . . . . . . . . . . . . . . . . $            $                            $
      (2) General . . . . . . . . . . . . . . . . . . . $            $                            $
   c. Interest . . . . . . . . . . . . . . . . . . . . . $            $                            $
   d. Costs *(see reverse)* . . . . . . . . . . . . $            $                            $
   e. Attorney fees . . . . . . . . . . . . . . . . . $            $                            $
   f. **TOTALS** . . . . . . . . . . . . . . . . . . . $            $                            $
   g. **Daily damages** were demanded in complaint at the rate of: $            per day beginning *(date):*
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)
3. ☐ *(Check if filed in an unlawful detainer case.)* Legal document assistant or unlawful detainer assistant information is on the
      reverse *(complete item 4).*
   Date: 06 / 23 / 2021

   **Marianne Armenta**                                       ▶ *(signature)*
   _____                          _____
   (TYPE OR PRINT NAME)                                       (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) ☐ Default entered as requested on *(date):* | |
|---|---|---|
| | (2) ☐ Default NOT entered as requested *(state reason):* | |
| | Clerk, by _____ , Deputy | Page 1 of 2 |

Form Adopted for Mandatory Use              **REQUEST FOR ENTRY OF DEFAULT**       Code of Civil Procedure, §§ 585–587, 1169
Judicial Council of California CIV-100                                                              www.courts.ca.gov

CIV-100

| Plaintiff/Petitioner: MARY PACKER | CASE NUMBER: |
|---|---|
| Defendant/Respondent: CAPPO MANAGEMENT XL, LLC | CGC-20-587105 |

4. **Legal document assistant or unlawful detainer assistant** *(Bus. & Prof. Code, § 6400 et seq.).* A legal document assistant or unlawful detainer assistant ☐ did ☑ **did not** for compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date)*:

5. ☑ **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a)).* This action

   a. ☐ is ☑ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☑ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☑ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing** *(Code Civ. Proc., § 587).* A copy of this *Request for Entry of Default* was
   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:

   b. ☑ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

   (1) Mailed on *(date)*:

   (2) To *(specify names and addresses shown on the envelopes)*:
   **CAPPO MANAGEMENT XL, LLC c/o Katie Digsby**
   **Victory Automotive Group**
   **46352 Michigan Avenue**
   **Canton, MI 48188**

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 06/24/2021

Brenda Falcon
_____          ▶        _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . $
   b. Process server's fees . . . . . . . . . . . . . . . . $
   c. Other *(specify)*:                                    $
   d.                                                        $
   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . $ _____
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶        _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code sections 400 and 402(f).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶        _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2020]                   **REQUEST FOR ENTRY OF DEFAULT**                   Page 2 of 2
                                                 (Application to Enter Default)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Lindsey Taylor Pace 314956<br>Open Door Legal<br>60 Ocean Avenue<br>San Francisco CA 94112<br>TELEPHONE NO.: 415-610-7849     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: lindsey@opendoorlegal.org<br>ATTORNEY FOR *(Name)*: Mary Packer | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

PLAINTIFF/PETITIONER: MARY PACKER

DEFENDANT/RESPONDENT: CAPPO MANAGEMENT XL, LLC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-20-587105 |
|---|---|

TO *(insert name of party being served)*: CAPPO MANAGEMENT XL, LLC

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 01/04/2020

Brenda Falcon
_____
(TYPE OR PRINT NAME)                    ▶        _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify)*:
       ADR Packet; Notice to Plaintiff; CM-110 (blank)

*(To be completed by recipient)*:

Date this form is signed:

_____                    ▶        _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CAPPO MANAGEMENT XL, LLC, and DOES 1-10 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARY PACKER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Civic Center Courthouse<br>400 McAllister St.<br>San Francisco CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-20-587105 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Lindsey Taylor Pace 314956                                    4156107849
60 Ocean Avenue San Francisco California 94112

DATE: DEC 11 2020 CLERK OF THE COURT, by                    CAROLYN BALISTRERI Deputy
*(Fecha)*                        *(Secretario)*                                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

## NO SUMMONS ISSUED

LINDSEY T. PACE SBN 314956
Open Door Legal
60 Ocean Avenue
San Francisco, CA 94112
Telephone: (415) 610-7849
Facsmile: (415) 534-3469
lindsey@opendoorlegal.org
Attorney for Plaintiff MARY PACKER

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

SEP 30 2020

CLERK OF THE COURT
BY: _____ANGELICA SUNGA_____
                                    Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

MARY PACKER, an individual,

　　　　　Plaintiff,

vs.

CAPPO MANAGEMENT XL, LLC,
and DOES 1-10 inclusive,

　　　　　Defendants.

Case No.   **CGC-20-587105**

**COMPLAINT FOR MONETARY
DAMAGES, DECLARATORY
RELIEF, AND INJUNCTIVE
RELIEF FOR WRONGFUL
TERMINATION AND
DISCRIMINATION.**

**JURY TRIAL DEMANDED**

　　　PLAINTIFF MARY PACKER (hereinafter "Ms. Packer" or "PLAINTIFF")
brings this action against Defendants CAPPO MANAGEMENT XL, LLC, (hereinafter
"HONDA" or "DEFENDANT") and DOES 1 through 10 inclusive (hereinafter
"DOES"), for compensatory damages, statutory damages, punitive damages,
restitution, attorneys' fees and costs, and other just relief.

## I.    INTRODUCTION

1.    Ms. Packer is a seventy year old woman who worked as a Service File Clerk for Defendant Honda beginning on or about November 20, 2013. Ms. Packer worked diligently and without incident during her time at Honda. Defendant Honda, and its supervisors and managers, subjected Ms. Packer to age-based discrimination. Plaintiff reported the ongoing discrimination she faced to upper managment at Honda. Shortly thereafter, Ms. Packer's supervisors retaliated against her. Ultimately, on or about July 30, 2018, Ms. Packer was unlawfully terminated in retaliation for reporting the ongoing discrimination she faced by Honda management.

## II.    JURISDICTION AND VENUE

2.    Venue is proper in this Court pursuant to California Code of Civil Procedure § 395 as the events or omissions giving rise to this action occurred in the City and County of San Francisco.

3.    Jurisdiction is proper in this Court because Defendants committed the unlawful practices alleged herein in the City and County of San Francisco and the amount of damages sought exceeds the minimum jurisdiction of this court.

## III.    PARTIES

4.    PLAINTIFF is an individual residing in the City and County of San Francisco.

5.    DEFENDANT Cappo Management XL, LLC is a foreign limited liability company registered to conduct business in California.

6.    The events alleged herein took place when PLAINTIFF worked for DEFENDANT Honda within the City and County of San Francisco, specifically at 1595 Van Ness Ave, San Francisco, CA 94109.

7.    DEFENDANTS exercised direct control over the wages, hours, and conditions of PLAINTIFF's employment.

2

8.     The actions against PLAINTIFF by DEFENDANT Honda's owners, shareholders, directors, officers, managers, supervisors, and other employees were ratified by DEFENDANTS.

9.     PLAINTIFF is informed and believes and on that basis alleges that at all times herein mentioned, the owners, shareholders, officers, directors, managers, supervisors, and other employees of DEFENDANTS were the agents and/or employees of DEFENDANT Honda, and in doing the actions alleged herein, acted within the scope and course of employment of DEFENDANT Honda.

10.     DEFENDANTS were at all relevant times PLAINTIFF'S employer covered by the Fair Employment and Housing Act.

11.     The true names and capacities of the defendants named herein as DOES 1-10, are not yet known to PLAINTIFF, who therefore sues such DEFENDANTS by fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes and based thereon alleges that at all times relevant herein each of the DOE defendants was responsible in some way for the events and harm PLAINTIFF alleges in this complaint. PLAINTIFF will seek leave of court to amend this complaint to allege such names as they are ascertained.

## IV.     FACTUAL ALLEGATIONS

12.     Plaintiff Mary Packer ("Plaintiff" or "Ms. Packer") is a seventy-year-old woman who began working for Honda on or about November 20, 2013 as a Service File Clerk. Ms. Packer never received a written warning nor was she put on a performance improvement plan.

13.     Ms. Packer worked under the direct supervision of Supervisor Allen Havneraas and Controller Arcy Draper, who collectively controlled Ms. Packer's schedule, wages, benefits and working conditions.

14.     On information and belief, Ms. Packer was one of two employees over the age of 40 working at Honda.

15.     On more than one occasion. Ms. Packer requested a raise from her supervisor, Mr. Havneraas. On at least one occasion, Mr. Havneraas demanded Ms. Packer write down why she believed she deserved a raise. Upon information and belief, Mr. Havneraas did not apply this practice to employees under 40 years of age. Upon information and belief, Mr. Havneraas approved the requests of younger employees without requiring a written response. Ms. Packer did not receive a raise until the mandatory minimum wage increased.

16.     On several occasions Mr. Havneraas refused to acknowledge Ms. Packer when she spoke to him in person. Mr. Havneraas would often spend time in his office and employees called him with any questions or concerns. The phone in Mr. Havneraas's office was equipped with a caller ID. Mr. Havneraas routinely ignored incoming calls from Ms. Packer. Ms. Packer would call the front desk to transfer her call to Mr. Havneraas. Mr. Havneraas picked up these transferred calls which were under a different caller ID. Mr. Havneraas did not apply this practice to employees under the age of 40.

17.     On at least one occasion. approximately 6 months before Ms. Packer's termination, Mr. Havneraas told Ms. Packer that she should work through her breaks. Upon information and belief, Mr. Havneraas did not apply this practice to employees under 40 years old. Ms. Packer took her breaks when Mr. Havneraas was not around.

18.     In or about May 2018, Ms. Packer contacted Mr. Havneraas's manager, Larry Daugherty to report Mr. Havneraas's discriminatory conduct. Upon information and belief. Honda management ignored Ms. Packer's report.

19.     On or about July 30, 2018 Honda abruptly terminated Ms. Packer.

## V.     LEGAL ARGUMENT

### FIRST CAUSE OF ACTION

#### Age Discrimination in Violation of the FEHA (Cal. Gov't Code § 12940(a))

#### Against All Defendants

20.     Plaintiff alleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs inclusive.

21.     Under California Government Code section 12940 (the Fair Employment and Housing Act or "FEHA"), subsection (a), it is unlawful for an employer or labor organization to discriminate against an employee on the basis of their age.

22.     In engaging in the above-described acts, Defendant and their agents, and/or employees engaged in unlawful discrimination based on the Plaintiff's age, 68, in violation of the FEHA. (Cal Gov't Code § 12940(a)).

23.     Defendant, their agents, and/or employees engaged in unlawful age-based discrimination. Havneraas and Draper routinely denied Ms. Packer's requests for raises, discouraged and attempted to prevent Ms. Packer from taking her breaks, singled out and reprimanded Ms. Packer, and ultimately discharged Ms Packer on the basis of her age. This behavior is in direct violation of her right to be free from age-based discrimination enumerated by the FEHA.

24.     As a proximate result of these unlawful actions, Plaintiff incurred lost wages and fringe benefits, suffered emotional distress manifested by feelings of embarrassment, anxiety, nervousness, and other symptoms of stress.

25.     Plaintiff is entitled to reasonable attorneys' fees and costs, and other appropriate relief as determined by this Court.

## SECOND CAUSE OF ACTION

### Failure to Prevent Discrimination in Violation of the FEHA (Cal. Gov't Code § 12940(k))

### Against All Defendants

26.     Plaintiff alleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs inclusive.

27.     Under the FEHA. it is unlawful for an employer to fail to take all reasonable steps necessary to prevent discrimination from occuring. (Cal. Gov't. Code § 12940(k)).

28.     Defendants neglected their responsibilities and violated the FEHA when Plaintiff put Defendant on notice of the discriminatory conduct and Defendant failed to take all reasonable steps necessary to protect Plaintiff from the discrimination alleged herein.

29.     Despite Defendant's knowledge of Plaintiff's experience with discrimination as alleged herein. and despite knowledge by Defendant's agents, Defendant allowed discrimination due to Plaintiff's age to continue and ultimately terminated her employment with Defendant company.

30.     As a result of Defendant's unlawful practices. Ms. Packer was denied benefits of continued employment with Defendant company and continues to be so denied. Ms. Packer continues to suffer emotional distress and other non-economic losses.

31.     Plaintiff lacks a speedy and adequate remedy at law to prevent such harm. injury, and loss until the Court enjoins Defendant from their unlawful conduct and grants affirmative relief as prayed for herein.

## THIRD CAUSE OF ACTION

### Retaliation in Violation of the FEHA (Cal. Gov't Code § 12940(h))

### Against All Defendants

32.     Plaintiff alleges and incorporates herein by reference. each and every allegation contained in the preceding paragraphs inclusive.

33.     Under the FEHA. it is unlawful for an employer to retaliate against any person for engaging in a protected activity. Filing a complaint, even an informal complaint, qualifies as a protected activity. (Cal. Gov't Code § 12940(h)).

34. Pursuant to California Labor Code § 98.6 and California Government Code § 12940(h), Defendant was prohibited from retaliating against Plaintiff for exercising her rights under the law.

35. Plaintiff engaged in a protected activity when she complained to upper management about the discrimination she experienced at the hands of her direct supervisors. Each complaint Plaintiff made is protected by FEHA as she was exercising or attempting to exercise her right to be free of workplace discrimination.

36. In violation of the FEHA, Defendant allowed Plaintiff to continue to be subjected to age-based discrimination and terminated her employment in retaliation for engaging in protected activites as described above.

37. As a proximate result of these unlawful actions, Plaintiff incurred lost wages and fringe benefits, suffered emotional distress manifested by feelings of embarrassment, anxiety, nervousness, and other symptoms of stress.

38. Plaintiff is entitled to reasonable attorneys' fees and costs, and other appropriate relief as determined by this Court.

**FOURTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

**Against All Defendants**

39. Plaintiff alleges and incorporates herein by reference, each and every allegation contained in the preceding paragraphs inclusive.

40. Under California law and public policy, it is unlawful for an employer to discriminate against its employees due to their age. Employers may not terminate employees based on their exercising of their rights to be free of age-based discrimination in the workplace. Defendant Honda violated California public policy when it discriminated against Plaintiff and ultimately terminated her employment.

41. Plaintiff engaged in a protected activity when she complained to upper management about the discrimination she experienced at the hands of her direct

7

supervisors. Each complaint Plaintiff made is protected by FEHA as she was exercising or attempting to exercise her right to be free of workplace discrimination.

42.    Plaintiff was harmed by Defendants conduct.

43.    Plaintiff's decision to complain to upper management about the discrimination she faced was a substantial motivating reason for Plaintiff's discharge.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court issue judgment in her favor and award her the following relief:

44.    Cease and desist from engaging in discriminatio or harassment on the basis of age.

45.    Damages caused by Defendants, including actual damages, including but not limited to loss of earnings and damages for emotional distress resulting from Defendant's unlawful practices.

46.    Compensatory damages according to proof;

47.    Reasonable Attorney's fees and costs under Cal Gov't Code § 12940. Cal. Labor Code § 1021.5; and other applicable laws.

48.    For such other and further relief as the Court deems just, equitable, and proper.

## JURY DEMAND

49.    PLAINTIFF hereby demands a trial by jury.

Dated: 09 / 28 / 2020 _____          OPEN DOOR LEGAL | EXCELSIOR

*Lindsey Pace*
_____

Lindsey Pace, Esq.
Attorney for Plaintiff



## Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

**WHY CHOOSE ADR?**
It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money**, including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

**WHAT ARE THE ADR OPTIONS?**
The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

**1) MANDATORY SETTLEMENT CONFERENCES**
Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF)**, in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

**3) ARBITRATION**

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION**

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION**

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

**HOW DO I PARTICIPATE IN ADR?**

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS.  THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.</u>

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name  *and address*) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO<br><br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT.

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>**DEPARTMENT 610** |
|---|---|

**1)**   **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐   **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐   **Mediation Services of Community Boards (CB)** -- Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐   **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐   **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐   **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days  ☐ 90-120 days  ☐ Other (please specify) _____

☐   **Other ADR process** (describe) _____

**2)**   **The parties agree that the ADR Process shall be completed by (date):** _____

**3)**   **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated _____ | Dated _____ |

☐  *Additional signature(s) attached*

ADR-2  10/18          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CASE NUMBER: CGC-20-587105  MARY PACKER VS. CAPPO MANAGEMENT XL, LLC ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:    **MAR-03-2021**

TIME:    **10:30AM**

PLACE:  **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.  **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

(SEE LOCAL RULE 4)

Plaintiff  <u>**must**</u>  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:       Time:       Dept.:       Div.:       Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*

  a. ☐ This statement is submitted by party *(name):*

  b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*

  a.   The complaint was filed on *(date):*

  b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*

  a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.

  b. ☐ The following parties named in the complaint or cross-complaint

    (1) ☐ have not been served *(specify names and explain why not):*

    (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

    (3) ☐ have had a default entered against them *(specify names):*

  c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, end date by which they may be served):*

4. **Description of case**

  a.   Type of case in ☐ complaint    ☐ cross-complaint    *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**4. b.** Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

[ ] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

**5. Jury or nonjury trial**

a. The party or parties request [ ] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

**6. Trial date**

a. [ ] The trial has been set for *(date):*

b. [ ] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

**7. Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. [ ] days *(specify number):*

b. [ ] hours (short causes) *(specify):*

**8. Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial [ ] by the attorney or party listed in the caption [ ] by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:                    f.  Fax number:

e. E-mail address:                        g.  Party represented:

[ ] Additional representation is described in Attachment 8.

**9. Preference**

[ ] This case is entitled to preference *(specify code section):*

**10. Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel [ ] has [ ] has not    provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached *(if any):* _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: _____   _____

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**